IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAMERON SHEPHERD, | § | |
| | § | |
| Defendant Below, | § | No. 149, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1805003450 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 7, 2020
Decided:   August 4, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Kameron Shepherd, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shepherd's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In 2018, Shepherd pleaded guilty to fourth-degree rape.  The Superior Court sentenced Shepherd, effective May 5, 2018, to fifteen years of Level V incarceration, suspended after twenty-two months for decreasing levels of

supervision. The sentence also required Shepherd to complete a sexual disorders counseling treatment program.

(3) On March 12, 2020, an administrative warrant was returned for Shepherd's VOP. The VOP report alleged that Shepherd had violated his probation by twice bringing contraband into the Plummer Center, not attending a sex offender group session, and not paying his room and board. After a VOP hearing, the Superior Court found that Shepherd had violated his probation. The Superior Court sentenced Shepherd to thirteen years of Level V incarceration, suspended after one year for two years of Level III probation. This appeal followed.

(4) Shepherd's claims on appeal may be summarized as follows: (i) some of the violations identified by the probation officer at the VOP hearing were inaccurate; and (ii) the VOP sentence should be reduced to time served because the Superior Court did not consider Shepherd's full-time employment, compliance with his treatment obligations, and lack of criminal record in sentencing him. After careful consideration, we find no merit to Shepherd's appeal.

(5) The transcript of the VOP hearing reflects that Shepherd did not challenge the four violations identified by the probation officer. We therefore review Shepherd's claim that some of the identified violations were inaccurate for plain error.[1] "[T]he doctrine of plain error is limited to material defects which are

---

[1] Supr. Ct. R. 8.

apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly shows manifest injustice."[2]  There is no plain error here.

(6)  Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[3]  Although Shepherd now challenges some of the violations identified at the VOP hearing, he admits that he violated his probation by bringing cigarettes into the Plummer Center. Shepherd's admission to violating his probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[4]

(7)  As to Shepherd's claim regarding his sentence, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[5]  Once Shepherd committed a VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[6]  The record does not reflect, and Shepherd does not allege, that the VOP sentence exceeded statutory limits or the Level V time previously suspended.

---

[2] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[3] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[4] *Thompson v. State*, 2016 WL 4427177, at *2 (Del. Aug. 19, 2016).
[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4